IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KOLBE & KOLBE HEALTH AND
WELFARE BENEFIT PLAN and
KOLBE & KOLBE MILLWORK CO., INC.,

                Plaintiffs,                    OPINION AND ORDER

     v.                                        09-cv-205-bbc

THE MEDICAL COLLEGE OF
WISCONSIN, INC. and CHILDREN'S
HOSPITAL OF WISCONSIN, INC.,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiffs Kolbe & Kolbe Health and Welfare Benefit Plan and Kolbe & Kolbe Millwork Company, Inc. are suing defendants The Medical College of Wisconsin, Inc. and Children's Hospital of Wisconsin, Inc. to recover amounts that the plan paid to defendants for medical treatment provided to the minor child of a Kolbe Millwork employee. Plaintiffs filed their original complaint on April 6, 2009, dkt. #1, seeking equitable relief under § 502(a)(3) of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132(a)(3), the federal common law of ERISA and relief for breach of contract under state law. In lieu of filing an answer, defendants moved to dismiss the complaint under Fed. R.

1

Civ. P. 12(b)(6) for failure to state a claim for equitable relief under ERISA and under Rule 12(b)(1) for lack of subject matter jurisdiction over plaintiff's pendent state contract claims. Dkt. #7. On May 26, 2009, plaintiffs filed an amended complaint, adding a claim of unjust enrichment against each defendant under federal common law. Dkt. #11. Defendants renewed their original motion to dismiss and moved to dismiss the unjust enrichment claims in the amended complaint, asserting that those claims do not provide an independent basis for federal subject matter jurisdiction. Dkt. #16.

I conclude that plaintiffs have not stated a plausible claim for relief under § 502(a)(3). However, I will give them an opportunity to add to their complaint factual allegations that would show that they have plausible grounds for asserting an equitable lien against defendants. In the interim, I will reserve a ruling on defendants' motion to dismiss for failure to state a claim on this ground. Defendants did not move to dismiss on plaintiff's second ground for relief under federal common law, although they discussed the subject in their reply brief. As to the state law claim, plaintiffs can assert this under 28 U.S.C. § 1367(a) (supplemental jurisdiction) if either of their federal claims remain.

As a preliminary matter, I note that ordinarily, in ruling on a motion to dismiss under Rule 12(b)(6), the court may consider only the complaint. Fed. R. Civ. P. 12(d). However, in cases like this one, in which plaintiffs have referred to a document to in the complaint and the document is central to the claims at issue, the court may consider it as part of the

2

pleadings. Fed. R. Civ. P. 10(c); <u>188 LLC v. Trinity Industries, Inc.</u>, 300 F.3d 730, 735 (7th Cir. 2002) (noting that this narrow exception is aimed at cases interpreting contracts). Therefore, I draw the following allegations of fact from plaintiffs' complaint and the health benefit summary plan description submitted by defendants.

ALLEGATIONS OF FACT

A. <u>The Parties</u>

Plaintiff Kolbe & Kolbe Health and Welfare Benefit Plan (the plan) is an employee welfare benefit plan under section 3(1) of ERISA, 29 U.S.C. § 1002(1), subject to coverage under section 4(a)(1) of ERISA, 29 U.S.C. § 1003(a)(1). Plaintiff Kolbe & Kolbe Millwork Co., Inc. is a Wisconsin corporation with its principal office in Wausau, Wisconsin. I will refer to it as Kolbe Millwork. Plaintiff Kolbe Millwork is the plan administrator within the meaning of section 3(16) of ERISA, 29 U.S.C. § 1002(16); a fiduciary of the plan within the meaning of section 3(21) of ERISA, 29 U.S.C. § 1002(21); and the named fiduciary of the plan within the meaning of section 402(a)(2) of ERISA, 29 U.S.C. § 1102(a)(2). Defendants The Medical College of Wisconsin, Inc. and Children's Hospital of Wisconsin, Inc. are Wisconsin non-stock corporations. Both have their principal offices in Milwaukee, Wisconsin.

### B. The Plan and the Parties' Contractual Agreements

Plaintiff Kolbe Millwork sponsors and administers the plan for the benefit of its eligible employees and their eligible dependents. Benefits under the plan include coverage of medical expenses. The plan is self-funded, meaning that benefits are paid out of the general assets of the company.

Bowers & Associates, Inc., doing business as Paradigm Network, entered into a physician agreement with defendant Medical College. The physician agreement became effective on January 1, 2003 and has remained in effect up until the filing of plaintiffs' complaint. Bowers also entered into a provider agreement with Children's Health System and its affiliated entities, one of which is defendant Children's Hospital. The provider agreement became effective on April 1, 2001 and has remained in effect up through the filing of plaintiffs' complaint. Effective January 1, 2007, plaintiff Kolbe Millwork entered into a contract with Bowers, making Kolbe Millwork a third-party beneficiary of both the physician and provider agreements. Bowers previously notified defendants that the company is an "entity" under the agreements.

### C. K.G.'s Eligibility Under the Plan

At all times relevant to this action, Scott Gurzynski was an employee of Kolbe Millwork and had single coverage under the plan. On or about August 20, 2007, Gurzynski

4

submitted an employee enrollment and change form on which he indicated his desire to change his health coverage under the plan to "employee plus one" and listed as his child a minor that I will refer to by her initials: K.G. To be entitled to coverage under the plan, an individual must either be an eligible employee or dependent. An eligible dependent is a legal spouse of an eligible employee or a dependent child who has not reached his or her 19th birthday.

As administrator of the plan, plaintiff Kolbe Millwork made numerous inquiries of Gurzynski to obtain information that it believed was necessary to make an eligibility determination with respect to K.G. Because it never received the requested information from Gurzynski, it denied coverage for K.G. under the plan. In a letter dated June 24, 2008, plaintiff Kollbe Millwork notified Gurzynski of its eligibility determination and informed him that any claims submitted to the plan since January 1, 2007 would be reprocessed.

In a letter dated October 19, 2008, Gurzynski stated that he authorized defendants Medical College and Children's Hospital to represent him in appealing or otherwise contesting the eligibility determination with respect to K.G. Gurzynski stated, "I intend to contest that denial, and the representatives authorized herein will assist me." Since that letter, neither plaintiff Kolbe Millwork nor the plan has received any appeal by or on behalf of Gurzynski with respect to the denial of coverage for K.G.

5

### D.  Payments Made by the Plan

Through the plan's third-party administrator, UMR, defendant Medical College submitted invoices and requests for payment to the plan for services rendered to K.G.  The plan made payments in the amount of $472,357.84 to defendant Medical College for services rendered to K.G.  Defendant Children's Hospital submitted invoices and requests for payment to the plan through UMR for services rendered to K.G.  The plan made payments in the amount of $1,199,538.58 to defendant Children's Hospital for the services provided to K.G.

The summary plan description, revised January 1, 2007, states the following with respect to overpayments:

**RIGHT TO REQUEST OVERPAYMENTS**

The Plan reserves the right to recover any payments made by the Plan that were:

- Made in error; or
- Made after the date the person should have been terminated under this Plan; or
- Made to any Covered Person or any party on a Covered Person's behalf where the employer determines the payment to the Covered Person or any party is greater than the amount payable under this Plan.

The Plan has the right to recover against Covered Persons if the Plan has paid them or any other party on their behalf.

Dkt. #18, Exh. A, at 80.  The plan defines a "covered person" as an "Employee or Dependent who are enrolled under this Plan."  Id. at 93.

On behalf of plaintiffs, UMR demanded that defendants return all payments made by the plan with respect to K.G.  Defendants have refused to return any payments.

## DISCUSSION

### A.  Motion to Dismiss

Defendants have moved to dismiss under Fed. R. Civ. P. 12(b)(6) (failure to state a claim upon which relief may be granted, rather than under Fed. R. Civ. P. 12(b)(1) (lack of subject matter jurisdiction).  In support of their choice of procedure, they cite Health Cost Controls v. Skinner, 44 F.3d 535, 537 (7th Cir. 1994), in which the court of appeals noted that when a claim rests upon a federal statute and the defendant believes the statute is inapplicable, he could argue that the plaintiff had failed to raise a federal question, thus depriving the court of jurisdiction.  However, the court held, the preferable procedure for the district court is to assume that jurisdiction exists and decide the merits of the claim under Rule 12(b)(6) or Rule 56.  Id. (quoting 2A James W. Moore et al., Moore's Federal Practice ¶ 12.07 (2d ed. 1994)).

### B. Plaintiffs' § 502(a)(3) Claim

7

Section 502(a)(3) of ERISA provides that an employee benefit plan participant, beneficiary or fiduciary may bring a civil action to A) enjoin any act or practice that violates subchapter I of the Act or the terms of the plan or B) obtain other appropriate equitable relief to redress such violations or enforce any provisions of subchapter I or the plan. 29 U.S.C. § 1132(a)(3). Federal district courts have exclusive jurisdiction over actions brought pursuant to § 502(a)(3) of ERISA. 29 U.S.C. § 1132(e). Defendants base their motion to dismiss on their contention that plaintiffs' claim is not one for equitable relief, but for monetary compensation, and is therefore not an action that can be brought under § 503(a)(3)'s grant of jurisdiction.

As the parties acknowledge, the Supreme Court has held consistently that under ERISA, a plan fiduciary may obtain only *equitable* relief against plan beneficiaries and third parties to enforce the terms of an ERISA plan. This point was made plain in <u>Great-West Life & Annuity Ins. Co. v. Knudson</u>, 534 U.S. 204 (2002), a case in which the Court held that the plaintiff insurance company could not maintain a federal action to obtain reimbursement from the damages won by the insured in a negligence action against a tortfeasor. The plaintiff had provided "stop-loss" insurance to an employee benefit plan that had paid more than $400,000 for injuries suffered in an automobile accident by plan member Janette Knudson. Both it and the plan sought to recover reimbursement for those payments from Knudson, who had settled a law suit against Hyundai Motor Company and

8

others for $650,000. The plan at issue included a reimbursement provision giving the plan administrator the right to recover from the beneficiary any payment for benefits paid by the plan that the beneficiary recovered from a third party. Under that provision, the plan had a first lien on any recovery in an amount not to exceed the payments it had made for medical treatment.

The settlement with Knudson allocated $256,745.30 to a special needs trust for her benefit and $373,426 to attorney fees, and relatively minor amounts to the California Medicaid program and toward Great-West's claim under the plan's reimbursement provision. Great-West sought an injunction against Knudson's failure to reimburse the plan in full, in violation of the plan. In deciding the case, the Court canvassed the nature and history of legal and equitable relief in the days before claims for both kinds of relief were heard in the same court.

Although injunctive relief is often thought of as equitable in nature, the Court found that the injunction Great-West sought was an attempt to obtain specific performance of a contract to pay money that was past due. To Great-West's assertion that it was seeking restitution, the Court responded that restitution can be either legal or equitable, depending on the basis for the plaintiff's claim and the nature of the underlying remedies sought. When a plaintiff could not assert title or right to a particular property but had grounds for recovering money to pay for some benefit he had provided the defendant, his right to

9

restitution was at law; he was seeking "'to obtain a judgment imposing a merely personal liability upon the defendant to pay a sum of money.'" Great-West Life, 347 U.S. at 213 (quoting Restatement of Restitution § 160, cmt a, pp. 641-42 (1936)). Restitution was equitable when it was in the form of a constructive trust or an equitable lien, "where money or property identified as belonging in good conscience to the plaintiff could clearly be traced to particular funds or property in the defendant's possession." Id. (citing 1 Dobbs, Law of Remedies § 4.3(1), at 587-88).

In Great-West, the funds to which Great-West was claiming entitlement were not in Janette Knudson's possession; they had been paid to the special needs trust or to her attorney (for payment of his fees and for disbursement to the remaining payees under the settlement agreement). This made Great-West's claim a legal one: it was contending that Knudson was contractually required to reimburse it for the benefits she received.

Four years after Great-West, the Court decided Sereboff v. Mid Atlantic Medical Services, Inc., 547 U.S. 356, 361-62 (2006), holding that Great-West did not bar every attempt by a plan administrator or insurance company to recoup payments. The plan at issue contained an Acts of Third Parties provision that required beneficiaries to reimburse the plan administered by defendant Mid Atlantic if they received a recovery from a third party. When the Sereboffs filed a suit for damages arising out of an automobile accident, Mid Atlantic immediately asserted a lien on the anticipated proceeds for medical expenses

it had paid on the plaintiffs' behalf. After the plaintiffs settled the suit and refused to pay the claimed lien, Mid Atlantic sued in federal court to collect the medical expenses. Eventually the case reached the Supreme Court, where the Court distinguished it from Great-West on the ground that Mid Atlantic was seeking "specifically identifiable" funds that were within the possession and control of the plaintiffs. The funds were "set aside and 'preserved [in the Sereboffs'] investment accounts." Id. at 368 (quoting Sereboff v. Mid Atlantic Medical Services, Inc., 407 F.3d 212, 218 (2005)).

Mid Atlantic's suit was not simply an attempt to impose personal liability for a contractual obligation to pay money. Rather, it was like Barnes v. Alexander, 232 U.S. 117 (1914), a case brought by two lawyers who had performed work for another lawyer, who had promised them one-third of the contingent fee he expected. In Barnes, the Court upheld the two lawyers' claim to their portion of the fee, saying that "the familiar rul[e] of equity that a contract to convey a specific object even before it is acquired will make the contractor a trustee as soon as he gets a title to the thing." Id. at 121. In Sereboff, the "Acts of Third Parties" provision specifically identified a particular fund (all recoveries from a third party) and a particular share of the fund, distinct from the plaintiffs' general assets, which the Court defined as that portion of the total recovery due Mid Atlantic for benefits paid. Sereboff, 547 U.S. at 365. The Court also noted that "the fund over which a lien is asserted

11

need not be in existence when the contract containing the lien provision is executed." Id. at 366.

The lesson to be drawn from Sereboff and Great-West is that a plaintiff seeking an equitable lien as a matter of restitution has to be able either to trace his money to a particular fund, distinct from defendant's general assets, from which recovery will be taken and identify the particular share of that fund to which he was entitled or show that the equitable lien at issue was created "by agreement or assignment," that is, when the parties agree "'[t]o dedicate property to a particular purpose, to provide that a specified creditor and that creditor alone shall be authorized to seek payment of his debt from the property or its value.'" Sereboff, 547 U.S. at 367-68 (quoting Walker v. Brown, 165 U.S. 654, 666 (1897)); see also Gutta v. Standard Select Trust Ins. Plans, 530 F.3d 614, 620 (7th Cir. 2008).

In this case, plaintiffs allege that the plan erroneously made payments or overpayments directly to defendants for K.G.'s medical expenses. Although plaintiffs are able to identify the amount of funds to which they allege entitlement, they have not identified any particular fund apart from defendants' general assets. Instead, relying on the holding in Sereboff, plaintiffs contend that the plan creates an "equitable lien by agreement," for which strict tracing of the funds to be recovered is not required. The difficulty with this

12

contention is that plaintiffs have not alleged that they had any agreement with either or both of the defendants.

The plan at issue runs between the plaintiffs and plaintiff Kolbe Millwork's employee, Scott Gurzynski. It generally reserves the right to recover any payments it "made in error" or any overpayment it made "to any party on a Covered Person's behalf." The plan then separately states that it "has the right to recover against Covered Persons if the Plan has paid them or any other party on their behalf." Plaintiffs argue at length that no tracing of funds is necessary because their lien was created by agreement: the plan language gives plaintiffs the right to request the return of overpayments, thereby satisfying the equitable lien by agreement requirement of Sereboff. However, they do not explain how an agreement with the plan beneficiary could extend to a medical provider.

Plaintiffs cite several cases in which other courts in this circuit have held that overpayment provisions allow plans to assert equitable liens by agreement to recover overpayments. E.g., Gutta, 530 F.3d at 621-22; Fregeau v. Life Ins. Co. of North America, 490 F. Supp. 2d 928 (N.D. Ill. 2007); Smith v. Accenture United States Group Long-Term Disability Ins. Plan, No. 05 C 5942, 2006 WL 2644957. In all three of these cases, the issue was whether an issuer could pursue a claim for equitable relief from a plan beneficiary, not whether it could pursue a claim paid to a third party on behalf of the beneficiary. Plaintiffs cite no cases holding that a plan can pursue a claim for reimbursement from a

13

medical provider with whom it has no agreement permitting such a claim. Plaintiffs argue that the first paragraph of their plan makes it clear that the plan reserves the right to recover overpayments made to *any party;* this is true, but irrelevant to the question whether federal jurisdiction would exist over a suit to recover overpayments made to any person or entity that is not a party to the plan.

It is true that in two cases decided before Great-West, the Court of Appeals for the Seventh Circuit held that a plan fiduciary could bring an action under § 502(a)(3) to recover mistaken overpayments made to a medical care provider for treatment of a plan beneficiary. Trustmark Life Ins. Co. v. University of Chicago Hospitals, 207 F.3d 876, 880 (7th Cir. 2000); Central States, Southeast and Southwest Areas Health & Welfare Fund v. Neurobehavioral Associates, 53 F.3d 172, 173-74 (7th Cir. 1995). In both cases, the court of appeals relied on 29 U.S.C. § 1002(8), which defines a plan beneficiary as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." In both cases, the court reasoned that a medical provider receiving benefits from a plan at the behest of plan participant is a beneficiary and that because the resulting dispute is for restitution, the action is an equitable one. Trustmark, 207 F.3d at 880; Central States, 53 F.3d at 173. Now that Great-West has established that not all actions for restitution are equitable in nature, neither Trustmark nor Central States supports plaintiffs' jurisdictional arguments.

14

There remains one possible source of an agreement that might give plaintiffs a ground for asserting an equitable lien. Plaintiffs alleged that each defendant entered into an agreement with Bowers & Associates with respect to provision of services and physicians and that plaintiff Kolbe Millwork is a third-party beneficiary of both the physician and provider agreements. Plaintiffs further allege that defendants' request for and retention of payments from the plan breaches their duties under these agreements. Without knowing the terms of the agreements, I cannot say with certainty that plaintiffs have no ground for an ERISA claim. Unless these agreements support plaintiffs' characterization of them, I can think of no plausible ground on which plaintiffs can maintain a claim against defendants under § 502(a)(3). Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (applying plausibility standard in Bell Atlantic Corp. v.Twombly, 550 U.S. 554 (2007), to "all civil actions."). At this point, plaintiffs have not alleged sufficient facts to raise a reasonable expectation that discovery will reveal evidence that defendants are subject to an equitable lien by agreement. Brooks v. Ross, ___ F.3d ___, 2009 WL 2535731, *5 (7th Cir. 2009) (quoting Twombly, 550 U.S. at 556) ("'[The plausibility standard] simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence' supporting the plaintiff's allegations.").

15

B.  <u>Remaining Claims</u>

Plaintiffs also have alleged claims of unjust enrichment under federal common law and breach of contract under state law.  Defendants raised no challenge to the federal common law claim until they filed their reply brief, giving plaintiffs no opportunity to respond.  With respect to plaintiffs' state law claim, defendants argue only that this court should not exercise supplemental jurisdiction over them if plaintiffs fail to state a claim under ERISA.  (They reserve the right to raise defenses such as ERISA preemption at a later date).  Unless and until I grant defendants' motion to dismiss plaintiffs' ERISA claims, this court retains federal jurisdiction over this case.  If the motion is granted, the parties can file supplemental briefs on the two remaining claims.

ORDER

A ruling is reserved on the motion to dismiss plaintiffs' ERISA claim filed by defendants The Medical College of Wisconsin, Inc. and Children's Hospital of Wisconsin, Inc.  IT IS ORDERED that plaintiffs Kolbe & Kolbe Health and Welfare Benefit Plan and Kolbe & Kolbe Millwork Co., Inc. may have until October 21, 2009, in which to file copies of any agreements between them and defendants that would bear on plaintiffs' right to pursue equitable relief, together with any supplemental briefing they wish to submit.

Defendants may have until November 5, 2009, in which in file a brief in opposition to plaintiffs' submissions.

Entered this 6th day of October, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

17