IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KOLBE & KOLBE HEALTH AND
WELFARE BENEFIT PLAN and
KOLBE & KOLBE MILLWORK CO., INC.,

      Plaintiffs,      OPINION AND ORDER

 v.             09-cv-205-bbc

THE MEDICAL COLLEGE OF
WISCONSIN, INC. and CHILDREN'S
HOSPITAL OF WISCONSIN, INC.,

      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

  Plaintiffs Kolbe & Kolbe Health and Welfare Benefit Plan and Kolbe & Kolbe Millwork Company, Inc. are suing defendants The Medical College of Wisconsin, Inc. and Children's Hospital of Wisconsin, Inc. for equitable relief under § 502(a)(3) of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132(a)(3), the federal common law of ERISA and state law to recover amounts that the plan paid to defendants for medical treatment provided to K.G., the minor child of a Kolbe Millwork employee. In an order entered on October 6, 2009, I reserved ruling on defendants' motion to dismiss plaintiffs' ERISA claim to give plaintiffs an opportunity to file copies of any agreements

1

between them and defendants that would bear on plaintiffs' right to pursue equitable relief, together with any supplemental briefing they wished to submit.

Plaintiffs have filed a second amended complaint in which they allege that defendants entered into physician and provider agreements with third parties to provide services to participants of various employee benefit plans, including the Kolbe plan. Dkt. #27. Plaintiffs also allege that both defendants are subject to the plan because they are assignees of K.G. Defendants have renewed their motion to dismiss, asserting that none of the agreements produced by plaintiffs create an equitable lien against them. Dkt. #29. I agree. Because plaintiffs have failed to state a claim for relief under § 502(a)(3), I am granting defendants' motion and renewed motions to dismiss the ERISA claim, dkt. ##7, 16 and 29. With respect to plaintiffs' remaining claims, I will allow the parties an opportunity to brief the question whether plaintiffs have a viable federal common law claim of unjust enrichment and, if so, whether it would support the exercise of federal jurisdiction.

I incorporate by reference the allegations of fact in the October 6 order and draw the following additional allegations of fact from plaintiffs' second amended complaint and the attached agreements.

ALLEGATIONS OF FACT

At all times relevant to this lawsuit, the following agreements involving the parties have been in effect:

1. A physician agreement between defendant The Medical College of Wisconsin, Inc. and North Central Health Care Alliance, Inc.

2. A provider agreement between Bowers & Associates, Inc. and Children's Health System and its affiliated entities, including defendant Children's Hospital of Wisconsin, Inc.

3. A physician agreement between Children's Medical Group and Bowers & Associates, Inc.

Under these agreements, defendants were to "[p]rovide Covered Services to Beneficiaries for the Allowable Charges listed" in the agreement. The agreements define "covered services" as "those medical services covered under a Plan, subject to any limitations on such coverage as may be contained in such Plan" and "Plan" as an "Entity's self-insured Medical Benefit Plan . . . ." Plaintiff Kolbe & Kolbe Millwork Company, Inc. is a third-party beneficiary of the agreements and is listed in the agreements as an entity with a self-insured medical benefit plan. The agreements provide that defendants must bill plaintiff Kolbe Millwork for any services provided to a Kolbe plan participant and are not entitled to payment for services that are not "covered services."

K.G. is the minor child of Scott Gurzynski and Melissa Persike. Gurzynski is an employee of plaintiff Kolbe Millwork and a participant in the plan. On at least four

3

occasions, K.G. received treatment from physicians of defendant Medical College while she was an inpatient at defendant Children's Hospital. Upon each of K.G.'s admissions to the hospital, either Gurzynski or Persike signed a consent for treatment and "financial agreement," which states in relevant part:

> I hereby assign all insurance benefits, to which the patient is entitled, to CHHS or to any physician or provider who may provide care to the patient during treatment.
>
> I understand that I am financially responsible to the above providers for charges not covered by insurance.

OPINION

Plaintiffs have brought a claim under § 503(a)(3) of ERISA to collect overpayments that the plan made to defendants on behalf of K.G. As explained at length in the October 6, 2009, the Supreme Court has held consistently that under ERISA, a plan fiduciary may obtain only *equitable* relief against plan beneficiaries and third parties to enforce the terms of an ERISA plan. Sereboff v. Mid Atlantic Medical Services, Inc., 547 U.S. 356, 361-62 (2006); Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204, 213 (2002). To state a claim under § 503(a)(3), plaintiffs must establish that they have an equitable lien with respect to the funds that they seek. The task is made more difficult for plaintiffs

4

because the plan runs only between plaintiffs and plaintiff Kolbe Millwork's employee, Scott Gurzynski. Neither of the defendants is a party to the plan.

In an effort to show that the plan provisions regarding overpayments extend to defendants, plaintiffs point first to Gurzynski's assignment of his rights to insurance benefits to defendant Children's Hospital and any providers who treated his daughter, without explaining how this advances their claim. The assignment merely transferred Gurzynski's insurance benefits to defendants. It did not give plaintiffs any additional rights with respect to defendants and it did not create an equitable lien by assignment under Sereboff, as plaintiffs seem to argue. Neither the assignment nor the plan itself sought to impose a constructive lien upon "'particular funds or property in the defendants' possession.'" Sereboff, 547 U.S. at 362 (quoting Great-West, 534 U.S. at 213).

Plaintiffs's second argument is that defendants' physician and provider agreements with Bowers and North Central Health Care created equitable liens, but these agreements provided simply that defendants were to be paid only for covered services. Neither agreement says anything about overpayments, plaintiffs' right to recover them or defendants' duty to return specific funds to plaintiffs. Plaintiffs have adduced no evidence that defendants ever consented to the imposition of a lien or trust upon particular funds in their possession. Without such a showing, plaintiff are left with only a claim for legal relief, that is, the enforcement of a contractual obligation to pay money.

5

Plaintiffs argue that defendants should not be able to enrich themselves unjustly by refusing to refund payments to which they have no legal rights. As a general principle, this may be true, but it does not help plaintiffs prove an ERISA claim. To do that, they have to show that they are in a position to obtain equitable relief, but their allegations support only a possible claim for money damages, which are "the classic form of *legal* relief." Great-West, 534 U.S. at 210-11 (quoting Mertens v. Hewitt Associates, 508 U.S. 248, 255 (1993)); Leipzig v. AIG Life Insurance Company, 362 F.3d 406, 410 (7th Cir. 2004) ("Great-West holds that, as a rule, a plan's demand to be reimbursed for benefits wrongly paid out is not [an equitable] claim; it is instead a quest for money damages and thus is legal rather than equitable.").

Because I find that plaintiffs have failed to state a claim upon which relief may be granted under § 503(a)(3) of ERISA, I will grant defendants' motion to dismiss that claim. This leaves plaintiffs' claims of unjust enrichment under federal common law and breach of contract under state law. As to the first of these possible claims, defendants questioned in their reply brief in support of their motion to dismiss the first amended complaint whether plaintiffs' federal common law claim provides an independent basis for federal jurisdiction. Dkt. #17. Although plaintiff had the opportunity to respond to defendants' argument in a surreply, I will allow the parties a final opportunity to brief that issue. If plaintiffs cannot bring an independent claim of unjust enrichment claim under the federal common law of

6

ERISA, this court would not have federal jurisdiction over this case. I will give the parties an opportunity to file supplemental briefs on the question whether plaintiffs have a viable federal common law claim of unjust enrichment and, if so, whether it would support the exercise of federal jurisdiction.

ORDER

IT IS ORDERED that

1. The motion to dismiss the ERISA claim of plaintiffs Kolbe & Kolbe Health and Welfare Benefit Plan and Kolbe & Kolbe Millwork Co., Inc., dkt. ##7, 16 and 29, filed by defendants The Medical College of Wisconsin, Inc. and Children's Hospital of Wisconsin, Inc. is GRANTED.

2. Plaintiffs may have until December 11, 2009, in which to file a supplemental brief on the question whether they have a viable federal common law claim of unjust enrichment and, if so, whether it would support the exercise of federal jurisdiction. Defendants may

7

have until January 4, 2010, in which in file a brief in opposition. Plaintiffs may have until January 14, 2010, in which to file their reply brief.

Entered this 17th day of November, 2009.

                              BY THE COURT:

                              /s/

                              _____
                              BARBARA B. CRABB
                              District Judge