IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KOLBE & KOLBE HEALTH AND
WELFARE BENEFIT PLAN and
KOLBE & KOLBE MILLWORK CO., INC.,

                     Plaintiffs,                                     OPINION AND ORDER

       v.                                               09-cv-205-bbc

THE MEDICAL COLLEGE OF
WISCONSIN, INC. and CHILDREN'S
HOSPITAL OF WISCONSIN, INC.,

                     Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiffs Kolbe & Kolbe Health and Welfare Benefit Plan and Kolbe & Kolbe Millwork Company, Inc. brought this civil action against defendants The Medical College of Wisconsin, Inc. and Children's Hospital of Wisconsin, Inc. under § 502(a)(3) of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132(a)(3); the federal common law of ERISA; and state common law to recover amounts that the plan paid to defendants for medical treatment provided to K.G., the minor child of a Kolbe Millwork employee.  In an order entered on November 17, 2009, I found that plaintiffs failed to state a claim for relief under § 502(a)(3).  Dkt. #33.  However, I allowed the parties an

1

opportunity to brief the question whether plaintiffs had a viable federal common law claim of unjust enrichment and, if so, whether it would support the exercise of federal jurisdiction.

I conclude that, although plaintiffs pleaded a federal common law claim of unjust enrichment and this court can exercise subject matter jurisdiction over federal common law claims, they have failed to state such a claim. Plaintiffs seek legal relief, which is precluded by ERISA. The federal common law of ERISA is intended to fill any gaps in the statutory scheme, not to circumvent that scheme by creating a new remedy.

The resolution of plaintiffs' federal claims leaves only their state law breach of contract claims. Those claims may be preempted by ERISA, but the parties have not had an opportunity to address that question. I will allow them to do so in a final round of briefing.

I incorporate by reference the allegations of fact summarized in the November 17, 2009 order.

OPINION

Plaintiffs alleged two alternative bases for federal jurisdiction in their complaint: 1) a statutory claim for equitable relief under § 502(a)(3); and 2) a federal common law claim of unjust enrichment. In the November order, I determined that plaintiffs could not bring a claim for *equitable* relief under § 503(a)(3) because they sought to impose a personal

liability on defendants for a monetary overpayment, which is the kind of *legal* remedy that the United States Supreme Court has held is not authorized under § 502(a)(3).  Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204, 210, 221 (2002)); see also Sereboff v. Mid Atlantic Medical Services, Inc., 547 U.S. 356, 361-62 (2006); Leipzig v. AIG Life Insurance Company, 362 F.3d 406, 410 (7th Cir. 2004).  Although plaintiffs have failed to identify a statutory basis for relief under ERISA, it remains to be decided whether they can bring a federal common law claim for unjust enrichment.

## A.  Jurisdiction

In reliance on Leipzig, 362 F.3d 406, defendants contend that this court does not have subject matter jurisdiction over the unjust enrichment claim because ERISA limits federal jurisdiction to equitable claims for relief.  In Leipzig, the defendant brought a counterclaim for recovery of money it had paid to the plaintiff for disability benefits, citing it contractual right to recoupment if Leipzig was found not to be entitled to the payments. The court of appeals dismissed the counterclaim for lack of subject matter jurisdiction. Defendants read Leipzig as holding that courts lack subject matter jurisdiction to hear non-statutory federal claims for reimbursement of payments made under an ERISA plan, but the case is not as helpful as defendants seem to think.  In holding that subject matter jurisdiction was lacking over the counterclaim, the court of appeals noted that the reason was defendant

3

AIG's failure either to assert that its counterclaim was compulsory or to invoke supplemental jurisdiction under § 1367.  Id. at 410.  It did not say that AIG could not have brought a federal common law claim or that the claim it wished to raise would not constitute a federal common law claim; all it said was that AIG has failed to allege a jurisdictional basis for bringing the claim.  This case is different.  Plaintiffs alleged a federal common law claim in their complaint, along with their statutory claim under § 502(a)(3) of ERISA.

Both the Supreme Court and the Seventh Circuit have made it clear that "§ 1331 jurisdiction will support claims founded upon common law as well as those of a statutory origin." Illinois v. Milwaukee, 406 U.S. 91, 100 (1972); see also Treiber & Straub, Inc. v. U.P.S., Inc., 474 F.3d 379, 383 (7th Cir. 2007) ("a claim in federal court may arise under federal common law, which is a permissible basis for jurisdiction based on a federal question under 28 U.S.C. § 1331").  Moreover, determining whether a cause of action exists under federal common law is a question arising under the laws of the United States.  Airco Industrial Gases, Inc. Division of BOC Group, Inc. v. Teamsters Health and Welfare Fund, 850 F.2d 1028, 1032 (3d Cir. 1988) (distinguishing between existence of subject matter jurisdiction and existence of cause of action); see also Bell v. Hood, 327 U.S. 678, 682 (1946) ("Jurisdiction [ ] is not defeated . . . by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover.  For it is well settled

4

that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction.").

Furthermore, at least two circuit courts have held that a plaintiff's failure to state a statutory cause of action under ERISA does not necessarily bar federal subject matter jurisdiction over a common law claim of unjust enrichment, if one exists.  Cooperative Benefit Administrators v. Ogden, 367 F.3d 323, 328 (5th Cir. 2004); Citizens Insurance Company of America v. MidMichigan Health Connect Care, 449 F.3d 688, 690 (6th Cir. 2006) (because claim brought against ERISA-qualified employee benefit plan required determination under federal common law, jurisdiction was appropriate under § 1331).

B.  Validity of Common Law Claim

As the parties note, the Supreme Court has recognized that ERISA's breadth and legislative history requires the courts to develop a "federal common law of rights and obligations under ERISA-regulated plans." Firestone Tire & Rubber Company v. Bruch, 489 U.S. 101, 110 (1989) (citing Pilot Life Insurance Company v. Dedeaux, 481 U.S. 41, 56 (1987); Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 24, n.26 (1983) (quoting 129 Cong. Rec. 29942 (1974) (remarks of Sen. Javits)); see also Massachusetts Mutual Life Insurance Company v. Russell, 473 U.S. 134, 156 (1985) (noting same).  However, "[t]he authority of courts to develop a 'federal common law' under

5

ERISA is not the authority to revise the text of the statute." Mertens v. Hewitt Associates, 508 U.S. 248, 259 (1993) (citation omitted).  In other words, courts may create federal common law to fill "minor gaps" in the statutory text when necessary to "effectuate the statutory pattern enacted in the large by Congress."  UIU Severance Pay Trust Fund v. Local Union No. 18-U, 998 F.2d 509, 512 n.10 (7th Cir. 1993); Ogden, 367 F.3d at 329.

Defendants contend that the detailed remedies that ERISA provides for plan fiduciaries are the only remedies that Congress intended and that no gap exists to be filled; therefore, creating a common law remedy would circumvent the plain language of ERISA. Several federal courts have reached the same conclusion.  Provident Life & Accident Ins. Co. v. Cohen, 423 F.3d 413, 424 (4th  Cir. 2005); North American Coal Corporation v. Roth, 395 F.3d 916, 917-18 (8th Cir. 2005); Qualchoice, Inc. v. Rowland, 367 F.3d 638, 650 (6th Cir. 2004), abrogated on other grounds by Sereboff, 547 U.S. 356; Ogden, 367 F.3d at 329; Pacificare Inc. v. Martin, 34 F.3d 834, 836 (9th Cir. 1994); International Painters and Allied Trades Industry Pension Fund v. Aragones, 643 F. Supp. 2d 1329, 1339-40 (M.D. Fla. 2008); Killian v. Johnson & Johnson, 2008 WL 2559307 (D.N.J. 2008).

Despite this precedent, plaintiffs assert that the Seventh Circuit has filled the gap created by § 502(a)(3) with respect to legal claims for relief by recognizing a cause of action for unjust enrichment under the federal common law of ERISA.  Plaintiffs cite a number of cases for this proposition, but none refutes defendants' position.  It is true that in two

6

appellate cases, the court of appeals held that a restitution action for an overpayment was an equitable form of relief and therefore within the scope of § 502(a)(3), Harris Trust and Savings Bank v. Provident Life and Accident Ins. Co., 57 F.3d 608, 615 (7th Cir. 1995) (restitution action by fiduciary for recovery of plan benefits to plan participant who had obtained award from tortfeasor), and Central States, Southeast and Southwest Areas Health and Welfare Fund v. Neurobehavioral Associates, P.A., 53 F.3d 172, 173 & 175-76 (restitution action for payments wrongfully made to health care provider), but neither case addressed the question raised in this case:  whether a plan fiduciary may maintain a federal common law cause of action for restitution when it is precluded from doing so under § 502(c)(3).  The court of appeals had no reason to consider this question because the cases were decided before the Supreme Court decided Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204 (2002), and Sereboff v. Mid Atlantic Medical Services, Inc., 547 U.S. 356 (2006).  In these cases, the Supreme Court determined that § 502(a)(3) precluded restitutionary relief  unless it was of the sort that would have been denominated equitable relief in the restitution  in "the days of the divided bench."  Great-West, 534 U.S. at 212 (action for restitution found not to be equitable action because claimant was seeking return of funds paid by third party to beneficiary of ERISA plan after funds had been put into separate Special Needs Trust);  Sereboff, 547 U.S. at 362-63 (action deemed equitable because plan identified for restitution both particular fund distinct from Sereboffs' general

7

assets and particular share of fund to which plan fiduciary was entitled).  Thus, neither

Harris Trust nor Neurobehavioral Associates provide support for plaintiffs' position.

In Operating Engineers Local 139 Health Benefit Fund v. Gustafson Construction

Corp., , 258 F.3d 645, 651 (7th Cir. 2001), and Central States, Southeast and Southwest

Areas Health and Welfare Fund v. Pathology Laboratories, 71 F.3d 1251, 1254 (7th Cir.

1996), the court looked to federal common law, but only to define the legal elements of an

ERISA restitution action under § 502(a)(3).  Finally, in those cases in which the court of

appeals has allowed a federal common law restitution action, the action was brought by an

*employer* for the refund of a mistaken overpayment.  Operating Engineers, 258 F.3d at 651;

Construction Industries Retirement Fund of Rockford v. Kasper Trucking, 10 F.3d 465, 467

(7th Cir. 1993); UIU Severance Pay Trust Fund v. Local Union No. 18-U, 998 F.2d 509,

512 n.10 (7th Cir. 1993).  In these cases, the court of appeals reasoned that "[a]bsent a

judicially-crafted cause of action, employers are left to the mercy of plan trustees who have

no financial incentive to return mistaken payments." UIU, 998 F.2d at 513; see also Kasper

Trucking, 10 F.3d at 467 (noting same).

Although ERISA contains no remedy for employers, it contains a specific remedy for

plan fiduciaries seeking the reimbursement of overpayments, limited to equitable relief under

§ 502(a)(3).  As I have explained, under Great-West and Sereboff, that type of relief is not

available to plaintiffs.  Plaintiffs argue that because plaintiff Kolbe Millwork is an employer

8

as well as a fiduciary, it should benefit from the common law remedy, as in UIU, but it is precisely because it is both that the common law remedy would not be applicable.  Plaintiff Kolbe Millwork's interests as an employer and fiduciary are identical and, as fiduciary, it has an existing remedy under § 502(a)(3) for equitable relief.  Giving it an additional common law remedy to do what § 502(a)(3) does not allow would "circumvent the comprehensive and exclusive remedial scheme Congress enacted for resolving benefit plan disputes governed by ERISA."  Cohen, 423 F.3d at 425.

Plaintiffs have cited three cases from this circuit that were decided after Great West and Sereboff, but they are not instructive in the circumstances of this case.  As previously discussed, in Leipzig, the court seemed to recognize the possible existence of a federal common law claim, but it had no reason to analyze the nature or validity of such a claim.  In Smith, 2006 WL 2644957, *2, the district court noted that circuit courts were split on the existence of a federal common law cause of action for unjust enrichment.  Relying on Harris Trust and Leipzig, the district court held that such a claim existed in the context of an insured's suit to recover unpaid benefits from a long term disability insurer, id. at *2-3, but the case was unlike this one because the court found that the plaintiff had stated a cause of action under § 502(a)(3) as well as federal common law.  Id. at *1-2.  Similarly, in Iron Workers, 2002 WL 31854972, *3, the district court found that the plaintiffs' unjust enrichment claim was equitable in nature and authorized under § 502(a)(3).  Id. at 4.

9

Moreover, in that case, the plaintiffs had alleged a common law claim of fraud, not unjust enrichment.  Id.

Although the Supreme Court has approved the development of a federal common law under ERISA, it has emphasized that the "deliberate care with which ERISA's civil enforcement remedies were drafted and the balancing of policies embodied in its choice of remedies argue strongly for the conclusion that ERISA's civil enforcement remedies were intended to be exclusive."  Pilot Life Insurance Company v. Dedeaux, 481 U.S. 41, 54 (1987); see also UIU, 998 F.2d at 512 ("We have . . . been extremely reluctant to find that ERISA creates certain causes of action by implication in addition to those enumerated in the statute itself.").  In light of this admonition and the views of the majority of federal courts examining this issue after the Supreme Court decided Great West and Sereboff, I am persuaded that in enacting § 502(a)(3), "Congress appears to have chosen to proscribe the type of monetary relief sought on a claim of unjust enrichment leaving no 'gap' needing filling by the creation of a federal common law remedy."  Aragones, 643 F. Supp. 2d at 1340.

In sum, because ERISA provides plaintiffs with an appropriate remedy (albeit one not available to them), their federal common law claim of unjust enrichment fails to state a claim on which relief is available.  The claim will be dismissed under Fed. R. of Civ. P. 12(b)(6).

10

C.  State Law Claims

The resolution of plaintiffs' federal claims leaves plaintiffs' state law breach of

contract claims, which have not been addressed by the parties.  In their complaint plaintiffs

allege that "[b]y requesting payment from the Plan and retaining any payments received

from the Plan," defendant Medical College breached its physician agreement with the North

Central Health Care Alliance, Inc., with which plaintiff Kolbe Millwork has a member

agreement.  Plaintiffs allege a similar claim with respect to defendant Children's Hospital,

which has a provider and physician agreement with Bowers & Associates, Inc., with which

plaintiff Kolbe Millwork has a service agreement.  The question remaining in this case is

whether ERISA preempts plaintiffs from bringing these claims.

Complete preemption is really a jurisdictional doctrine because it confers exclusive

federal jurisdiction in certain instances in which Congress intended the scope of a federal law

to be so broad as to entirely replace any state law claim.  Franciscan Skemp Healthcare, Inc.

v. Central States Joint Board Health and Welfare Trust Fund, 538 F.3d 594 (7th Cir.

2008).  "[T]he ERISA civil enforcement mechanism is one of those provisions with such

'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint

into one stating a federal claim for purposes of the well-pleaded complaint rule.'" Aetna

Health Inc. v. Davila, 542 U.S. 200, 209 (2004) (quoting Metropolitan Life Insurance Co.

v. Taylor, 481 U.S. 58, 65-66 (1987)); Lehmann v. Brown, 230 F.3d 916, 919 (7th Cir.

11

2000) (citations omitted) ("claim to benefits necessarily 'arises under' federal law no matter how it is pleaded").  Thus, a plaintiff cannot simply repackage as a state law claim a claim that Congress contemplated would be brought under § 502(a).  Pilot Life Insurance Co. v. Dedeaux, 481 U.S. 41, 54 (1987) (ERISA plan participants and beneficiaries cannot obtain remedies under state law that Congress rejected in ERISA).  However, when a complaint genuinely does not assert a § 502(a)(3) claim, but instead "alleges that a welfare-benefit plan has  committed a tort— for example, when a physician employed by a HMO that has been offered as a benefit to employees commits medical malpractice—the claim must arise under state law, because ERISA does not attempt to specify standards of medical care." Lehmann, 230 F.3d at 920.

Therefore, I must determine whether plaintiffs' state law claims are categorized more appropriately as falling within the scope of § 502(a) or as genuine state law claims, irrespective of the way plaintiffs have labeled their claims in their amended complaint.  If the former, then plaintiffs' claims must be dismissed because they are preempted by ERISA. If the latter, it may be appropriate to exercise supplemental jurisdiction over those claims under 28 U.S.C. § 1367.  Because the parties have not yet had the opportunity to address the preemption and supplemental jurisdiction issues, I will allow them to do so.  The parties should discuss not only the issues of preemption and supplemental jurisdiction but the nature of the claim (is it intended to be a breach of contract claim or something else?) that

12

plaintiffs would be pursuing, how as signers of either a member agreement or a service agreement with two entities with whom defendants have a physician agreement, they would have a cause of action against defendants and why such a claim would or would not arise under state law.

ORDER

IT IS ORDERED that

1.  The federal common law claim of unjust enrichment filed by plaintiffs Kolbe & Kolbe Health and Welfare Benefit Plan and Kolbe & Kolbe Millwork Co., Inc., is DISMISSED under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.

2.  Plaintiffs will have until February 23, 2010 within which to show cause why their state law breach of contract claims are not preempted by ERISA and should not be dismissed for failure to state a claim.  Defendants The Medical College of Wisconsin, Inc. and Children's Hospital of Wisconsin, Inc. will have until March 9, 2010 to respond.  Plaintiffs

may have until March 19, 2010 to reply.

Entered this 9th day of February, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

14