IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KOLBE & KOLBE HEALTH AND
WELFARE BENEFIT PLAN and
KOLBE & KOLBE MILLWORK CO., INC.,

        OPINION AND ORDER

    Plaintiffs,

        09-cv-205-bbc

  v.

THE MEDICAL COLLEGE OF
WISCONSIN, INC. and CHILDREN'S
HOSPITAL OF WISCONSIN, INC.,

    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiffs Kolbe & Kolbe Health and Welfare Benefit Plan and Kolbe & Kolbe Millwork Co., Inc. are seeking recoupment of money paid to defendants The Medical College of Wisconsin, Inc. and Children's Hospital of Wisconsin, Inc. They have alleged claims under § 502(a)(3) of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132(a)(3), the federal common law of ERISA and state law, contending that they are entitled to be reimbursed for money defendants for medical services provided K.G., the minor child of a Kolbe Millwork employee, now that plaintiffs have determined that K.G. was not a covered person under the benefit plan.

1

In orders entered previously, I determined that plaintiffs did not state a plausible claim for relief under § 502(a)(3), because they were seeking legal relief (the imposition of personal liability on defendants for a monetary overpayment), rather than any equitable relief to which they might be entitled under the statute. Nov. 17, 2009 order, dkt. #33. I dismissed plaintiffs' federal common law claim because plaintiffs were unable to show that their suit for legal relief stated a viable claim under federal common law, which is intended to fill gaps in the statutory scheme and not to circumvent that relief by creating a new remedy that would not be available under § 502(a)(3). Feb. 9, 2010 order, dkt. #38.

Plaintiffs are trying once again to show that they are entitled to the return of the money they paid for K.G.'s medical care, this time asserting a state law claim for breach of contract. Plaintiffs allege that, "by requesting payment from the Plan and retaining any payments received from the Plan," defendants breached their physician agreements with the North Central Health Care Alliance, Inc. (in the case of defendant Medical College) and with Bowers & Associates, Inc. (in the case of defendant Children's Hospital). Plaintiffs add that because they are third party beneficiaries of the agreements, they have standing to sue to enforce the terms of the agreements.

I conclude that this claim is no more successful than plaintiff's other two claims. Plaintiffs characterize their purported state law claim as distinct from their original § 502 claim, but a close look at the claim belies that characterization. The claim is not

2

independent of the plan but dependent upon it; any determination of the disputed factual issues would require interpretation of the plan. To decide, for example, whether plaintiffs are entitled to any return of payments made to the hospitals would require a determination of the correctness of plaintiffs' decision that K.G. was not eligible for coverage under the plan. Plaintiffs say that this issue is closed, because Scott Gurzynski failed to utilize his appeal opportunities, but this point too requires an interpretation of the plan terms.

Rather than repeat all of the allegations of facts set out in preceding opinions, I will briefly set out some facts for context and recount those additional allegations from plaintiffs' second amended complaint, dkt. #27, that bear on this motion.

ALLEGATIONS OF FACT

A. The Parties

Plaintiff Kolbe & Kolbe Health and Welfare Benefit Plan (the plan) is an ERISA plan. Plaintiff Kolbe & Kolbe Millwork Co., Inc. (Kolbe Millwork) is the plan administrator and the plan fiduciary. It sponsors and administers the plan for the benefit of its eligible employees and their eligible dependents. Defendants The Medical College of Wisconsin, Inc. and Children's Hospital of Wisconsin, Inc. are Wisconsin non-stock corporations.

North Central Health Care Alliance, Inc. entered into a physician agreement with defendant Medical College. An entity named Bowers & Associates entered into a provider

3

agreement with Children's Health System and its affiliated entities, one of which is defendant Children's Hospital. Both agreements were in effect when plaintiffs filed their complaint. Plaintiff Kolbe Millwork entered into contracts with Bowers and North Central. Under both of these agreements, Kolbe Millwork was a third-party beneficiary, entitled to enforce this agreement only if "[it] has requested [North Central or Bowers] to enforce the applicable provision and [North Central or Bowers] has refused to do so." Dkt. #27, Exh. 1.

Scott Gurzynski, an employee of plaintiff Kolbe Millwork, submitted an employee enrollment and change form in August 2007, on which he indicated his desire to change his health coverage under the plan to "employee plus one" and listed K.G. as his child, born in 2007. To be entitled to coverage under the plan, an individual must be either an eligible employee or dependent. An eligible dependent is a legal spouse of an eligible employee or a dependent child who has not reached his or her 19th birthday. As of August 2, 2007, the plan required that a "dependent child" had to reside with the employee, be dependent on the employee for more than 50% of his or her support and maintenance and qualify as a tax exemption on the employee's or spouse's federal income tax return. When Gurzynski filled out the enrollment and change form, he did not fill out the boxes on the enrollment and change form that asked whether the child resided with him, whether he provided 50% support and whether he claimed the dependent as an exemption for federal income tax

4

purposes. (Although plaintiffs do not allege that K.G. required medical services from defendants starting in August 2007, this is the obvious conclusion to be drawn from the other allegations of the complaint.)

After making numerous inquiries of Gurzynski to obtain information it believed was necessary to make an eligibility determination and not receiving it, plaintiff Kolbe Millwork determined that K.G. was not an eligible dependent under the plan. It notified Gurzynski of this determination in a letter dated June 24, 2008, and informed him that any claims submitted to the plan on K.G.'s behalf since January 1, 2007 would be reprocessed.

Gurzynski authorized defendants Medical College and Children's Hospital to represent him in appealing or otherwise contesting the eligibility determination with respect to K.G. In a letter dated October 19, 2008 (and apparently written to plaintiffs), Gurzynski stated, "I intend to contest that denial, and the representatives authorized herein will assist me." Since receiving that letter, neither plaintiff Kolbe Millwork nor the plan has received any appeal by or on behalf of Gurzynski with respect to the denial of coverage for K.G.

Through the plan's third-party administrator, UMR, defendant Medical College submitted invoices and requests for payment to the plan for services rendered to K.G. The plan paid $472,357.84 to defendant Medical College and $1,199,538.58 to defendant Children's Hospital for services provided to K.G.

The summary plan description in effect in 2007 gives the plan the right to recover

5

"against Covered Persons if the Plan has paid them or any other party on their behalf," when the plan has made payments in error or on their behalf or "when "the employer determines the payment to the Covered Person or any party is greater than the amount payable under this Plan." The plan defines a "covered person" as an "Employee or Dependent who are enrolled under this Plan." On behalf of plaintiffs, UMR demanded that defendants return all payments made by the plan with respect to K.G. Defendants have refused the demand.

On each of the four times on which K.G. was admitted to Children's Hospital, either her mother, Melissa Persike, or her father, Scott Gurzynski, executed an agreement on her behalf that included a consent for treatment and a financial agreement. In the financial agreement, K.G.'s parents assigned all insurance benefits to which K.G. was entitled "to [Children's Hospital and Health System] or to any physician or provider who may provide care to [K.G.] during treatment" and confirmed their understanding that they were financially responsible to the providers for charges not covered by insurance.

OPINION

At the outset, I note that the only remaining claim asserted by plaintiffs is their claim for state law breach of contract. Plaintiffs discuss other state law claims in their brief, including unjust enrichment and money had and received, but they did not allege these claims in the operative complaint, which is their second amended complaint, so it is

6

unnecessary to address them in this opinion.

The initial question is whether the breach of contract claim can be maintained as a state law claim or whether it is preempted under § 514 of ERISA, 29 U.S.C. § 1144(a), which expressly preempts all state laws "insofar as they may now or hereafter relate to any employee benefit plan." (As the Court of Appeals observed in Jass v. Prudential Health Care Plan, Inc., 88 F.3d 1482, 1486-87 (7th Cir. 1996), "conflict preemption" applies in determining this question, and not "complete preemption," which is a jurisdictional doctrine that governs a plaintiff's attempt to use state law as a basis for a a claim that arises out of ERISA and must be tried in federal court. See also Marin General Hospital v. Modesto & Empire Traction Co., 581 F.3d 941, 945 (9th Cir. 2009) )("We take this opportunity to make clear the difference between the two kinds of preemption, and to make clear the different jurisdictional consequences that result from these two kinds of preemption.") Conflict preemption is governed by § 514. Id. at 945; Jass, 88 F.3d at 1487 ("§ 514(a) provides the basis for conflict preemption").)

Plaintiffs' claim clearly *relates* to the plan; the claim for relief rests on their contentions that K.G. was not an eligible beneficiary and that Scott Gurzynski has forfeited his right to contest the point. In addition, the claim raises questions about the conduct of the plan administrator, which delayed its determination of K.G.'s status under the plan for ten months, while it continued to pay her medical bills, leading defendants to believe that

7

her medical expenses would be paid in full. That would seem the end of the issue, but plaintiffs do not concede it. They point out, correctly, that the Supreme Court has held that "relating to" means something more than a mere connection or reference to a plan," New York State Conference of Blue Cross and Blue Shield Plans v. Travelers Insurance, 514 U.S. 645, 656 (1995), which is true but not helpful to them because their claim rests on more than a mere reference to a plan; it requires interpretation of the terms for its resolution. As the Court held in Travelers, the objectives of the statute are "a guide to the scope of the state law that Congress understood would survive." Id. ERISA was enacted to provide a uniform regulatory regime for employee benefit plans. Aetna Health, Inc. v. Davila, 542 U.S. 200 (2004). That goal of uniformity would not be furthered if questions of plan interpretation could be decided under both ERISA and state law, as would be the case if plaintiffs prevailed on their claim. This case is entirely unlike Travelers, in which the question was whether ERISA preempted a New York state provision for surcharges on the bills of patients covered by a commercial insurer but not on the bills of patients insured by a Blue Cross/Blue Shield plan. It is not surprising that the Court found that the challenged provision did not relate to employee benefit plans within the meaning of ERISA.

Plaintiffs argue that in deciding a question of conflict preemption, the court should consider whether the claim at issue implicates "the relations among the principal ERISA entities—the employer, the plan, the plan fiduciaries, and the beneficiaries." Plts.' Br., dkt.

8

#45, at 15-16 (quoting Airparts Co. v. Custom Benefit Services of Austin, Inc., 28 F.3d 1062, 1065 (10th Cir. 1994)). Although plaintiffs maintain that looking at their claim from that perspective would show the absence of any conflict because they are not suing a covered person or a beneficiary but the providers of the medical services to a beneficiary, they are wrong. Plaintiffs want a return of the money they paid the providers for K.G.'s care; if K.G. was a plan beneficiary, plaintiffs would have no right to the money paid. Resolution of the claim would require analysis of the plan's terms. Ingersoll-Rand Co. v. McClendon, 498 U.S. 133 (1990) (plaintiff's claim that he was discharged before he was eligible to receive benefits is preempted by ERISA because resolution of claim would require interpretation of benefits plan). Accordingly, the claim implicates the relations between plaintiffs and a plan beneficiary: K.G.

Comparing this case to another one cited by plaintiffs, Franciscan Skemp Healthcare, Inc. v. Central States Joint Board Health & Welfare Trust Fund, 538 F.3d 594, 596 (7th Cir. 2008), highlights the difference between a state law claim to enforce rights under the terms of an ERISA plan and one that asserts a claim independent of ERISA that would not be preempted. In Franciscan Skemp, the plaintiff hospital was suing the plan, alleging that a plan representative had been negligent in advising the hospital that the hospital's patient was a covered person under an ERISA plan for whom the plan would be financially responsible. In fact, the patient was not a covered person. After she had received services,

9

the plan denied payment to the hospital and the hospital sued in state court. The plan argued that ERISA preempted the state court action and removed the case to federal court, which denied the hospital's motion to remand. The court of appeals reversed, holding that the claim was not one that was preempted by ERISA and could be brought in state court. It found that Franciscan Skemp was not bringing its claim as assignee of a potentially covered employee but in its own right and its claim arose out of the alleged misrepresentations by a plan representative rather than out of a decision by the plan to deny benefits for the patient under the terms of the plan. See also Trustees of AFTRA Health Fund v. Biondi, 303 F.3d 765 (7th Cir. 2002) (no conflict requiring preemption when plan trustees sued plan participant for his intentional failure to notify fund of his divorce and his ex-wife continued to incur medical expenses that plan paid; district court acted properly in dismissing ERISA claim and granting judgment to trustees on common law fraud claim).

Plaintiffs also rely on the case of Leipzig v. AIG Life Ins. Co., 362 F.3d 406 (7th Cir. 2004), but the case provides them no support. As discussed in previous orders, the case raised jurisdictional issues. Leipzig was a participant in a benefits plan who applied for disability benefits. AIG paid the benefits under a reservation of rights and ultimately denied the claim. Leipzig sued for his benefits; AIG filed a counterclaim seeking recoupment of the funds paid out. The district court dismissed Leipzig's claim on the ground that Leipzig had not proved his entitlement to benefits. It dismissed AIG's counterclaims as well, holding

10

that subject matter jurisdiction did not exist because AIG's demand for money was legal and not equitable and for that reason could not be advanced under ERISA. The court of appeals expressed some question about the district court's decision to dismiss the counterclaim, noting that a compulsory counterclaim does not require an independent grant of jurisdiction. Nevertheless, it upheld the district court, noting that AIG did not assert any basis for jurisdiction, either by virtue of its compulsory counterclaim or under 28 U.S.C. § 1367(a), which provides supplemental jurisdiction. In affirming the dismissal, the court of appeals added that AIG could pursue its claim for recoupment in state court without "encountering a defense of preemption." Id. at 410. Plaintiffs read into this statement a holding that AIG and by extension plaintiffs, could pursue a state law breach of contract claim in state court after being rebuffed in its effort to seek recoupment of the money paid to Leipzig. They do not read the second half of the sentence: "ERISA preempts *state law theories*; not claims arising under federal law." Id. (emphasis added).

Plaintiffs assert that because ERISA provides them no way to recoup their money in their circumstances, their claim is not preempted. They are wrong. In enacting ERISA, Congress gave careful consideration to the enforcement mechanisms of the statute. In this case, as in many others, such as Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204 (2002), that mechanism does not permit the recoupment of funds, but that result does not free the plaintiffs to seek recoupment under state law theories of recovery or change the

11

nature of their suit. In and of itself, the lack of a remedy does not affect preemption. Lister v. Stark, 890 F.2d 941, 946 (7th Cir. 1989) ("[T]he availability of a federal remedy is not a prerequisite for federal preemption."). See also Cromwell v. Equicor-Equitable HCA Corp., 944 F.2d 1272, 1276 (6th Cir. 1991) ("Nor is it relevant to an analysis of the scope of federal preemption that appellants may be left without a remedy.").

Finally, plaintiffs complain that if they are not allowed to pursue their state law claim, they and other plan sponsors would be powerless to force health care providers to adhere to the terms of their provider contracts, but they overstate the effect of the ruling in this case. They can still sue for overpayments when doing so will not require interpretation of the plan terms. Moreover, their plight is a consequence of their own inaction. If, for example, plaintiffs had advised the providers immediately after K.G. entered the hospital that she was not a plan beneficiary and had not continued to lull the providers into thinking that she was, this would be an entirely different case. As it is, it is likely that even if plaintiffs were allowed to proceed on their breach of contract claim, defendants would be able to defeat it, simply because plaintiffs were negligent in determining the plan's responsibility for K.G.'s medical care.

## ORDER

IT IS ORDERED that the motion to dismiss filed by defendants The Medical College

of Wisconsin, Inc. and Children's Hospital of Wisconsin, Inc. is GRANTED. The clerk of court is directed to enter judgment for defendants and close this case.

Entered this 29th day of April, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

13