IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KOLBE & KOLBE HEALTH AND WELFARE
BENEFIT PLAN and KOLBE & KOLBE
MILLWORK, INC.,

                                                                                ORDER

                       Plaintiffs,

                                                                              09-cv-205-bbc

      v.

MEDICAL COLLEGE OF WISCONSIN,
INC. and CHILDREN'S HOSPITAL OF
WISCONSIN, INC.,

                     Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      After plaintiffs Kolbe & Kolbe Health and Welfare Benefit Plan and Kolbe & Kolbe Millwork, Inc. appealed from the orders of this case dismissing their complaint against defendants Medical College of Wisconsin, Inc. and Children's Hospital of Wisconsin, Inc. and awarding fees to defendants, the Court of Appeals for the Seventh Circuit affirmed the dismissal of plaintiffs' ERISA claims, reversed the grant of attorney fees to defendants and reversed the dismissal of plaintiffs' state law claims and remanded the case to this court. <u>Kolbe & Kolbe Health & Welfare Plan v. Medical College of Wisconsin, Inc.</u>, 657 F.3d 496 (7th Cir. 2011). The court of appeals left it to this court to decide whether to exercise

1

supplemental jurisdiction over the state law claims or follow the usual practice of declining jurisdiction under 28 U.S.C. § 1367(a) and leaving it to the state courts to decide the claims. Id. at 505.

The parties have been heard on the jurisdictional question.  Plaintiffs want the court to follow the usual practice; defendants argue that judicial economy, convenience, fairness and comity favor disposition of the remaining claims in federal court.  Plaintiffs make much of the facts that the case is not close to trial and that only minimal discovery has been completed.  They argue that no duplication of judicial effort will occur if the case is returned to state court, where plaintiffs brought it originally.   For their part, defendants oppose a remand to state court, arguing that plaintiffs have already filed four complaints against them in two different jurisdictions, each alleging different causes of action.  They maintain that this case is ripe for summary judgment on the question of ERISA preemption and that keeping it in this court would spare a state court judge from having to become acquainted with new issues.

I agree with defendants that this is an unusual situation in which the remaining claims in this case should be retained for disposition in this court.  The state law claims are not complicated or novel, they do not involve legal matters of particular state interest and they "derive from a common nucleus of operative fact."  Groce v. Eli Lilly & Co., 193 F.3d 496, 499 (7th Cir. 1999) (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 725

2

(1966)).  The remaining questions require only interpretation of the member or service agreements and the provider agreements.  Kolbe Health & Welfare, 657 F.3d at 504-05. Presumably, this can be done more easily and quickly by a judge familiar with the arguments and the agreements than by a state judge who would have to devote additional time and effort to learning the facts of the case.

Plaintiffs make an additional argument to the effect that defendants are trying to reargue positions they lost on appeal, one of which is whether K.G. is a "Covered Person." Whether this is an appropriate argument is a question I will reserve until the parties have filed and briefed a motion for summary judgment.  I note however that it seems unlikely that defendants can revive this issue (whether K.G. is a "Covered Person") after the court of appeals has ruled against them on the issue.

ORDER

IT IS ORDERED that this court will exercise supplemental jurisdiction over the state law claims remaining in this case.  Plaintiffs Kolbe & Kolbe Health and Welfare Benefit Plan and Kolbe & Kolbe Millwork, Inc., may have until April 10, 2012 in which to file a motion for summary judgment with proposed findings of fact and brief in support; defendants Medical College of Wisconsin, Inc., and Children's Hospital of Wisconsin, Inc., may have

until May 10, 2012, in which to file a reply.

Entered this 9th day of January, 2012.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

4